**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | | |
|---|---|---|
| DENIS LYATKIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-07-573 |
| MICHAEL CHERTOFF, *et al.*, | * | |
| Defendants. | * | |
| | **** | |

**MEMORANDUM OPINION**

Plaintiff Dennis Lyatkin ("Lyatkin" or "Plaintiff") brings this action against Defendants Michael Chertoff, Secretary of the United States Department of Homeland Security, Emilio T. Gonzalez Director of the United States Citizenship and Immigration Services ("USCIS"), Robert S. Mueller, Director of the Federal Bureau of Investigations ("FBI"), Richard Caterisano, District Director of the USCIS in Baltimore, Maryland, and Alberto Gonzalez, United States Attorney General (collectively, "Defendants"). On July 16, 2007, Defendants filed a Motion to Dismiss [5]. The time to respond to Defendants' motion has expired. The Court reviewed the entire record, as well as the pleadings with respect to the instant motion. On August 15, 2007, the Court held a telephonic hearing concerning the motion and heard from all the parties. Having considered the arguments of Plaintiff and Defendants, and for the reasons articulated at the hearing and briefly discussed below, the Court will GRANT Defendants' motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 15, 2004, Plaintiff, a native and citizen of Russia, filed his Form I-485 to adjust his status to lawful permanent resident. On the same day, Plaintiff's wife, a United States citizen, filed

an Immigrant Petition for Alien Relative (Form I-130) on his behalf.[1]  Subsequently, on August 25, 2004, Plaintiff's case was transferred to the Baltimore District Office of USCIS.  The Baltimore District Office of USCIS advised Plaintiff that applications were taking 240 days to complete and further advised Plaintiff not to contact the office unless he did not receive notice of final adjudication of his application by April 22, 2005.  Although more than 240 days have passed, Plaintiff's application has still yet to be finally adjudicated.  On March 7, 2007, Plaintiff filed a Complaint seeking to compel the Defendants to perform their delegated duty to approve Plaintiff's application for Adjustment of Status and to complete the pending background check of Plaintiff.  Currently pending is Defendants' motion to dismiss.  The motion is ripe and now ready for the Court's review.

## STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1).  The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court.  *See Evans v. B.F. Perkins Co., a Div. Of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Richmond*, 945 F.2d at 768.

## ANALYSIS

Plaintiff brings his mandamus action, pursuant to federal question jurisdiction, 28 U.S.C. §

---

[1] Plaintiff's application to adjust status depends on his spouse's immigrant visa petition, which was approved on September 20, 2004.

1331; the Mandamus Act, 28 U.S.C. §1361; and the Administrative Procedures Act (APA), 5. U.S.C. § 551 *et. seq*. Defendants claim that the Court lacks subject matter jurisdiction to grant mandamus because 8 U.S.C. § 1252(a)(2)(B)(ii), divests courts of jurisdiction to review discretionary action of USCIS. Defendants further allege that the Court lacks jurisdiction to grant Plaintiff's request for mandamus pursuant to 28 U.S.C. § 1367, because Plaintiff has no clear right to immediate adjudication. Lastly, pursuant to 5 U.S.C. § 701(a)(2)[2], Defendants assert that the APA precludes the Court from reviewing Plaintiff's claim.

Pursuant to Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255(a), Plaintiff filed an I-485 application to obtain status as a permanent resident. The statute authorizes the Attorney General to adjust to permanent residence status certain aliens who have been admitted into the United States at his discretion and under regulations as he may prescribe, if: (1) the alien makes an application for such adjustment; (2) the alien is eligible to receive an immigrant visa and is admissible to the Untied States for permanent residence; and (3) an immigrant visa is immediately available to him at th time his application is filed. 8 U.S.C. § 1255(a).

Defendants asserts that Plaintiff's claim should be dismissed pursuant to the Immigration and Nationality Act, which divests this Court of jurisdiction where decisions of the Attorney General or Secretary of Homeland Security are discretionary. Specifically, the Immigration and Nationality Act states:

---

[2] "(a) This chapter applies, according to the provisions thereof, except to the extent that
(1) statutes preclude judicial review; or
(2) agency action is committed to agency discretion by law.
(b) For the purpose of this chapter--
(1) 'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include--
(A) the Congress;
(B) ***the courts of the United States***; ...." 5 U.S.C. § 701(a)(2) (emphasis added).

> Notwithstanding any other provision of law (statutory or nonstatutory), including ... sections 1361 [of title 28] . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review ... (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter [§§ 1151-1378] to be in the discretion of the Attorney General or the Secretary of Homeland Security ...."

8 U.S.C. § 1255(a)(2)(B)(ii). A clear reading of this statute indicates that judicial review of any action or series of acts, including the processing and place of processing is barred and precluded. Recently, the Court, in *Gomilevski v. Chertoff, et. al.*, No. DKC-2006-3247 (D. Md. July 27, 2997), citing *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006), noted that Courts have consistently held that the meaning of this statute is unambiguous. *See Gomilevski*, DKC-2006-3247 at 5 ("'As courts have recognized, this statute's meaning is refreshingly free from ambiguity and its terms are pellucidly clear:  It means that courts are precluded from reviewing *any* discretionary decision or action of USCIS [that fall under sections 1151-1378, including section 1255(a) at issue here].'").

Although the United States Court of Appeals for the Fourth Circuit has yet to address this precise issue, there are a number of United States District Court decisions that have made it clear that there are a potpourri of circumstances that amount to failing to adjudicate, which constitutes a non-discretionary act. *See Yu v. Brown*, 36 F. Supp. 2d, 922 (D.N.M. 1999) (holding that plaintiff was entitled to a decision within a reasonable time, and that it was within the power of the Court to order such adjudication); *Singh v. Still*, 470 F. Supp. 2d 1064, 1072 (N.D. Ca. 2006) (concluding that, whether pursuant to mandamus or the APA, the plaintiff was entitled to relief he sought and further ordered defendants to "complete the adjudication of [plaintiff's] pending I-485 applications forthwith."); *Haidari v. Frazier*, 2006 U.S. Dist. LEXIS 89177 at *18 (D. Minn., Dec. 8, 2006) (finding that "[a] writ of mandamus confers upon the Court the power to compel the Defendants to

perform the duty they owe Plaintiffs[,]" and, therefore, ordering the USCIS to adjudicate Plaintiff's applications expeditiously.); *Valenzuela v. Kehl*, 2006 U.S.Dist. LEXIS 61054 (D. Tx, Aug. 28, 2006) (explaining that although defendants may have a discretion in deciding whether to approve or deny the petition, in which case the Court might lack subject matter jurisdiction, defendants have a nondiscretionary duty to process applications as required by 8 U.S.C. § 1154(b)[3]); *Tjin-A-Tam v. U.S. Dept. of Homeland Security, Citizenship and Immigration Services*, 2007 U.S. Dist. LEXIS 17994 (S.D. Fl., March 9, 2007) (finding that the Court had mandamus jurisdiction, as there was no other remedy available to plaintiff to compel the defendants to adjudicate his application); *Salehian, et al., v. Novak, et al.*, 2006 U.S. Dist. LEXIS 77028 (D. Ct, Oct. 23, 2006) (determining that the government's bare assurances that a review is actively underway and will be resolved at some point in the future are totally inadequate). Essentially the rulings of those cases cite a range of non-discretionary matters which arguably confer subject matter jurisdiction on the District Courts.

Stripped to the bare bone, Plaintiff's essential contention centers around his frustration at the delayed pace of the process and the failure of USCIS to provide definitive information as to when he can anticipate a decision on his application. However, here, where the Complaint and the affidavit submitted by Defendants reflect that the application is being process (albeit at a slow pace), the Court does not find a failure to adjudicate or process. Defendant avers that USCIS has continued to process

---

[3] "(b) Investigation; consultation; approval; authorization to grant preference status: After an investigation of the facts in each case, and after consultation with the Secretary of Labor with respect to petitions to accord a status under section 1153(b)(2) or 1153(b)(3) of this title, the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) of this title or is eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status."  8 U.S.C. § 1154(b)          .

Plaintiff's application, however, it has not been able to adjudicate the applications because of the requisite background and security checks have yet to be concluded. *See* Dec. of Kristen Whiteside, Def.s' Ex. 1, at ¶¶ 12-15. Specifically, FBI name checks were initiated promptly after the applications were filed, but USCIS has not yet received the results. *Id.* at ¶12. Due to pending status of the required background checks, USCIS is presently unable to complete its adjudication of Plaintiff's application. Def.s' Ex. 1, at ¶4 ("No immigration benefit [ ] is granted unless and until all the above-required background checks have been completed and resolved). Because USCIS has submitted that it will continue to perform any outstanding background and security checks as expeditiously as possible, *id.* at ¶10, and concludes that, "[u]pon analysis of the results of these security checks, USCIS will continue to review [Plaintiff's] application and complete its adjudication as expeditiously as possible," *Id.* at ¶15, the Court simply cannot find nor conclude on these facts that the delay or slow pace is such that Plaintiff has stated a failure to adjudicate or process.[4] Accordingly, there is no subject matter jurisdiction and mandamus will not lie.

## CONCLUSION

For all the reasons articulated here and set forth at the telephonic motions hearing, the Court will GRANT Defendants' motion to dismiss and CLOSE the case. An Order consistent with this Memorandum Opinion will follow.

Date:  August 22, 2007                                       /s/
                                                      Alexander Williams, Jr.
                                                      United States District Court Judge

---

[4] While the Court believes that an inordinate delay can, at some point, amount to a non-discretionary failure to adjudicate, the record in this case does not, in the Court's view, reach such excessiveness as to state a cognizable claim.